UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WANDA MANLEY<br><br>        Plaintiff,<br><br>  v.<br><br>MEMORIAL HOSPITAL OF SALEM<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-2117<br>      (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

CRONIN & MUSTO, PC
Patrick T. Cronin
132 Kings Highway East
Suite 206
Haddonfield, NJ 08033
    Counsel for Plaintiff

POST & SCHELL, P.C.
Kate Alexandra Kleba
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
    Counsel for Defendant

**IRENAS**, Senior District Judge:

    This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  For the following reasons, the Motion will be granted.

**I.**

    On April 13, 2011, Wanda Manley filed the Complaint alleging

a hostile work environment in violation of Title VII and the New Jersey Law Against Discrimination. Apart from allegations concerning employment, the facts of this case come from a single paragraph:

> Defendant, through its employees and agents, discriminated against plaintiff in sundry manners which included, but were not limited to advising her that they would "get rid of her" because she was African American, assigning her less favorable work shift based on her race, isolate her from other workers because of her race, assigning her less favorable assignments because of her race, allowing the use of racial slurs, all of which created a hostile work environment, based on plaintiff's race.

(Compl. ¶ 7)

On August 19, 2011, Defendant filed the instant Motion to Dismiss. In response, Plaintiff represented in her opposition papers that she would amend the complaint, however, Plaintiff has not filed anything on the docket. (*See* Br. Opp. 6, Dkt. No. 8)

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the

2

plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

**III.**

3

Plaintiff brings claims for a hostile work environment under Title VII and unspecified theories under the New Jersey Law Against Discrimination ("LAD").

To establish a hostile work environment claim under Title VII, Plaintiff must show that: (1) Plaintiff suffered intentional discrimination due to her status in a protected class; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would have detrimentally affected a reasonable person in the same situation; (5) a basis for respondeat superior liability.  *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 753 (3d Cir. 1995).  The Court must analyze the totality of the circumstances, not the occurrence of any one incident.  *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 715 (3d Cir. 2006).

To determine whether Plaintiff has satisfied her burden the Court must first determine which allegations in the Complaint may be ignored as mere legal conclusions.  First, the Court is not required to accept as true the first clause, which states "Defendant, through its employees and agents, discriminated against plaintiff in sundry manners."  (*See* Compl. ¶ 7)  This statement is a legal conclusion.  Likewise, the Court is not required to accept the last clause: "[A]ll of which created a hostile work environment, based on plaintiff's race."  (*Id.*)  While the Court has serious doubts whether the Court is required

4

to accept as true the remainder of the paragraph due to the utter lack of specificity, the Court will nonetheless accept those allegations as true.

With respect to the first element, Plaintiff has alleged intentional discrimination due her status as an African American. The use of racial slurs, threats to fire Plaintiff and assigning Plaintiff less favorable work are enough to satisfy the first element.

Plaintiff has not satisfied the second element, however, by failing to show that the discrimination was pervasive and regular.  Plaintiff does not indicate how often the alleged discriminatory conduct occurred.  Nor does Plaintiff specify the details of any alleged discrimination.

Accordingly, Plaintiff has failed to establish a *prima facie* hostile work environment claim under Title VII and the Court need not address the remaining elements.  Moreover, Plaintiff has not addressed Defendant's Motion to Dismiss with respect to the LAD claim.  The Court cannot properly address this claim because no theory of liability has been provided.  The Court notes, however, that if the theory of liability was also predicated on a hostile work environment theory, then the first four elements would be equivalent to the Title VII analysis above.  *See Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001).  Therefore, the LAD claim would fail for the same reasons as the Title VII claim.

**IV.**

The Motion to Dismiss will be granted without prejudice on all counts.  Plaintiff will be granted leave to file a motion to amend the Complaint within 14 days of this Opinion.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)(holding that district courts "must permit a curative amendment unless such an amendment would be inequitable or futile.").  An appropriate Order accompanies this Opinion.

Date: 1/5/12

                                                /s/ Joseph E. Irenas

                                        **JOSEPH E. IRENAS, S.U.S.D.J.**