```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WANDA MANLEY,<br><br>         Plaintiff,<br><br>    v.<br><br>MEMORIAL HOSPITAL OF SALEM,<br><br>         Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-2117<br>        (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

CRONIN & MUSTO, PC
Patrick T. Cronin
132 Kings Highway East
Suite 206
Haddonfield, NJ 08033
        Counsel for Plaintiff

POST & SCHELL, P.C.
Kate Alexandra Kleba
Four Penn Center
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
        Counsel for Defendant

**IRENAS**, Senior District Judge:

   This matter comes before the Court on Plaintiff's Motion for extending the time to file an amended complaint. (Dkt. No. 14) For the following reasons, Plaintiff's Motion will be granted.

**I.**

   Plaintiff, a former African American employee at Memorial Hospital of Salem, alleges that she suffered racial

1

discrimination on at least a weekly basis from her coworkers and managers. (Proposed Am. Compl. ¶ 7) She further alleges that the discrimination became overbearing and she was forced to quit. (*Id.* at ¶ 8)

On April 13, 2011, Plaintiff filed her initial Complaint asserting claims for racial discrimination under Title VII, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.* (Dkt. No. 1) According to Defendant, when Plaintiff filed the Complaint, she had only four days left before the statute of limitations expired.

On January 5, 2012, Defendant's first motion to dismiss was granted without prejudice, but gave Plaintiff leave to file a motion to amend the complaint within 14 days. (Opinion & Order, Dkt. Nos. 12-13) On January 25, 2011, six days after the fourteen day deadline, Plaintiff filed the instant Motion to both forgive the delay and amend the complaint. (Dkt. No. 14) The delay was occasioned by Plaintiff's counsel's familial responsibilities in response to the passing of his father.

Defendant opposes the Motion based on the expiration of the statute of limitations and, alternatively, a failure to state a claim. Plaintiff has not filed a reply or opposition to Defendant's arguments.

**II.**

The Court must first determine whether the delay is excusable and, if so, whether Plaintiff's proposed amended complaint is nonetheless futile.

**A.**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). Under *Pioneer*, the excusable neglect inquiry must consider "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Among the factors that should be considered are "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Here, Plaintiff has made a formal motion detailing the reasons for excusable neglect. Plaintiff's attorney was tending to his sick father between January 17 and January 19, who eventually passed away on January 21, two days after the January 19 deadline. (Cert. Cronin ¶¶ 12-13) With regard to the *Pioneer* factors, six days has caused no prejudice to Defendant and the minimal delay will have no negative impact on the proceedings.

Moreover, the passing of Plaintiff's counsel's father was clearly not in counsel's control and there is nothing to suggest that he did not act in good faith. Accordingly, the Court finds the delay was occasioned by excusable neglect.

**B.**

An "amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 122 (3d Cir. 2000). Thus, in determining futility, the Court must "accept all factual allegations as true, construe the [proposed amended] complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the [proposed amended] complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The proposed amended complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Id.* at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**1.**

Defendant first argues that the statute of limitations warrants dismissal of the present action.[1]  Under general principals, "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those conditions."  *Brennan v. Kulick*, 407 F.3d 603, 607 (3d Cir. 2005).  Defendant argues that the effect of Plaintiff's failure to comply with this Court's fourteen day deadline was a dismissal without prejudice.  "A statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice."  *Id.* at 606.  In *Brennan*, however, the Court did not examine these doctrines in conjunction with delays caused by excusable neglect.

The crux of the issue here is the effect of extending time under Rule 6(b)(1)(B).  If the doctrine retroactively extends the time to file an amended complaint, then the conditions for reinstatement would be satisfied.  If, on the other hand, the doctrine may not be used to amend the conditions of reinstatement, then the statute of limitations would not be

---

[1] Ordinarily, the statute of limitations is an affirmative defense to be raised in responsive pleadings.  *See Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657 (3d Cir. 2003) (citing *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (an exception arises "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.") (emphasis omitted).  Plaintiff has filed no response to Defendant's arguments and, therefore, the Court must rely on Defendant's representations.

tolled. The Court finds the former approach more appropriate in these circumstances.

First, Rule 6(b)(1) requires a plaintiff to file a formal motion showing excusable neglect, but otherwise affords great discretion to the trial court. *See* Rule 6(b)(1); *Dribbe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010). As this Court was afforded the discretion in initially adopting the fourteen day deadline, so too should the Court have the discretion to amend the deadline.

Second, Rule 6(b)(1)(B) is essentially an equitable principle. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2011). The equities here favor forgoing strict deadlines when confronted with an overwhelming familial tragedy. Accordingly, the Court's deadline will be extended six days to accommodate Plaintiff's tardy motion due to excusable neglect.

**2.**

Plaintiff's proposed amended complaint will be futile, however, if it cannot withstand a motion to dismiss. To establish a hostile work environment claim under Title VII, Plaintiff must show that: (1) Plaintiff suffered intentional discrimination because of race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him;

6

(4) that the discrimination would have detrimentally affected a reasonable person of the same race in his position; and (5) that there was a basis for vicarious liability. *Brooks v. CBS Radio, Inc.*, 342 Fed. Appx. 771, 776 (3d Cir. 2009).

Defendant makes two arguments for dismissal. First, the discrimination was not sufficiently severe or pervasive. Second, there is no basis for vicarious liability.

"In evaluating a hostile work environment claim both under Title VII and LAD, we are mindful that offhanded comments, and isolated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim." *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotations omitted). A plaintiff must show that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Brooks*, 342 Fed.Appx. at 776 (quoting *Nat'l R.R. Passenger Corp. V. Morgan*, 536 U.S. 101, 116 (2002)). Although a court must look at all the circumstances, some factors a court may consider are "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Here, Plaintiff's proposed amended complaint alleges repetitive discriminatory conduct that is sufficiently severe and pervasive. As alleged, at least four distinct colleagues and managers subjected Plaintiff to racial insults, epithets and physical threats. (*See* Proposed Am. Compl. ¶ 7) Although certain remarks occurred only once, one colleague uttered racially discriminatory remarks on a weekly basis while another did so on a monthly basis. (*Id.*) While Plaintiff merely alleges that the remarks made her uncomfortable, a reasonable inference can be made that the discrimination unreasonably interfered with employee's work performance. Therefore, Plaintiff has satisfied the second element.

"An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

Here, the proposed amended complaint alleges that Plaintiff's managers and supervisors perpetrated the alleged acts of discrimination. These facts are sufficient to establish a basis for vicarious liability. Accordingly, Plaintiff's Motion to amend the complaint with respect to the hostile work

8

environment claim will be granted.[2]

**3.**

In order to establish a claim for constructive discharge, Plaintiff must show that " discrimination in employment so intolerable that a reasonable person subject to them would resign."[3] *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 27 (2002). In deciding whether a reasonable person would resign, specific considerations are relevant including "the nature of the harassment, the closeness of the working relationship between the harasser and the victim, whether the employee resorted to internal grievance procedures, the responsiveness of the employer to the employee's complaints." *Id*.

Defendant argues that Plaintiff has failed to establish that Defendant permitted the alleged conduct or that Plaintiff had no choice but to resign.[4] The Court disagrees.

---

[2] Although Defendant does not attack the other elements in its opposition brief, Plaintiff has nonetheless alleged facts sufficient to establish a claim. First, the discrimination alleged was clearly intentional. With respect to the third element, the discrimination made Plaintiff feel uncomfortable and physically insecure. As for the fourth element, an inference can be made that a reasonable African American in the same position would have felt similarly.

[3] This standard does not materially differ from a claim under Title VII.

[4] Plaintiff has not proposed amendments to the complaint to allege a specific theory of liability in response to this Court's concerns of the original Complaint's vagueness. (Opinion and Order, Jan. 25, 2012, Dkt. Nos. 12-13) However, Plaintiff has not objected to Defendant's characterization of Plaintiff's ambiguous Complaint as alleging a claim for retaliation under Title VII and a claim for constructive discharge under the LAD. The Court can only assume that Plaintiff acquiesces to Defendant's interpretation of

Plaintiff has alleged that management did not merely condone the alleged discrimination, but were the perpetrators. Despite Plaintiff's complaints (presumably to non-offending managers), the discrimination continued on a weekly basis. No reasonable employee would be expected to tolerate physical threats and weekly racial epithets from her superiors. Accordingly, Plaintiff's Motion will also be granted with respect to the constructive discharge claim.

### III.

For the reasons set forth above, Plaintiff's Motion to extend time under Rule 6(b)(1)(B) and amend the complaint will be granted.

Date: 4/10/12

/s/ Joseph E. Irenas

**JOSEPH E. IRENAS, S.U.S.D.J.**

---

Plaintiff's Complaint.